FILED by KS D.C.

Oct 26, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**21-20534-CR-WILLIAMS/MCALILEY**
CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

JEFFREY SARNA,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**18 U.S.C. § 1349**

1. From at least as early as April 2018, and continuing through in or around July 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY SARNA,**

did willfully and knowingly combine, conspire, confederate and agree with persons, known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and, for the purpose of executing such scheme, to transmit and cause to be

transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

2.  It was the object of the conspiracy that defendant **JEFFREY SARNA** and his co-conspirators would unjustly enrich themselves by making and causing to be made false and fraudulent statements and representations to elderly individuals regarding relatives of the elderly individuals, thereby inducing the elderly individuals to forward funds to bank accounts controlled by co-conspirators.

## MANNER AND MEANS

The manner and means by which the defendant and others sought to accomplish the object of the conspiracy included the following:

3.  Co-conspirators contacted elderly victims by telephone and impersonated a grandchild or other close relative of the victim. The co-conspirators would falsely claim the victim's relative was in legal trouble and needed money to post bail, pay legal expenses, or prevent criminal charges from being filed.

4.  To convince the victims of their legitimacy, the co-conspirators impersonated attorneys or law enforcement officers.

5.  The co-conspirators provided the victims with specific bank account information and directed the victims to transfer money into those accounts.

6.  The co-conspirators induced elderly victims to wire thousands of dollars to bank accounts in South Florida to cover the purported legal expenses, post bail, or prevent criminal charges from being filed.

7. Defendant **JEFFREY SARNA** and his co-conspirators recruited people in South Florida to receive the wire transfers into their personal bank accounts and promised the account holders a percentage of the deposited money.

8. After the elderly victims made the fraudulently induced wire transfers, the money would be withdrawn by the owner of the bank account into which the funds were deposited.

9. Defendant **JEFFREY SARNA** used various means to communicate with the co-conspirators whose bank accounts were to be used to receive fraudulent wire transfers and those recruiting the account holders, including direct messages through social media and encrypted messaging applications.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
### Wire Fraud
### 18 U.S.C. § 1343

10. From at least as early as April 2018, and continuing through in or around July 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY SARNA,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts and for the purpose of executing such scheme and artifice to defraud and obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, pictures and sounds.

## OBJECT OF THE SCHEME AND ARTIFICE

11. It was the object of the scheme and artifice that defendant **JEFFREY SARNA** and other participants in the scheme and artifice would unjustly enrich themselves by making and causing to be made false and fraudulent statements and representations to elderly individuals regarding relatives of the elderly individuals, thereby inducing the elderly individuals to forward funds to bank accounts controlled by participants in the scheme and artifice to defraud.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

12. Paragraphs 3 through 9 of the Manner and Means Sections of this Indictment are re-alleged and incorporated by reference as through fully set forth herein as the description of the scheme and artifice.

## USE OF THE WIRES

13. On or about the dates indicated below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY SARNA,**

for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property, did knowingly transmit and cause to be transmitted in interstate commerce, certain writings, signs, signals, pictures and sounds by means of wire communication, as more particularly described below:

| Count | Approximate Date | Description of Wire Communications |
|---|---|---|
| 2 | January 10, 2020 | Wire transfer in the approximate amount of $9,000 from a Fifth Third Bank account belonging to J.R. to a Wells Fargo account belonging to L.P., causing a wire transmission from outside the State of Florida to the Southern District of Florida. |
| 3 | February 19, 2020 | Wire transfer in the approximate amount of $27,300 from a First Community Bank account belonging to R.S. to a Bank of America account belonging to F.P., causing a wire transmission |

|  |  | from outside the State of Florida to the Southern District of Florida. |
|--|--|--|

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 4
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

Beginning at least as early as April 2018, through in or around July 2020, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY SARNA,**

did knowingly and voluntarily combine, conspire, confederate and agree with persons, known and unknown to the Grand Jury, to conduct financial transactions, affecting interstate commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and which, in fact, involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 5-7
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY SARNA,**

knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did, as set forth below, knowingly conduct and attempt to conduct financial transactions, which affected interstate commerce, and which involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity:

| Count | Approximate Date | Financial Transaction |
|---|---|---|
| 5 | January 10, 2020 | Withdrawal of approximately $1,000 from L.P.'s Wells Fargo Bank account ending in 4646 |
| 6 | January 10, 2020 | Withdrawal of approximately $1,000 from L.P.'s Wells Fargo Bank account ending in 4646 |
| 7 | January 11, 2020 | Withdrawal of approximately $6,500 from L.P.'s Wells Fargo Bank account ending in 4646 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JEFFREY SARNA**, has an interest.

2.      Upon conviction of a violation of or a conspiracy to commit a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title

18, United States Code, Section 982(a)(1).

4. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of U.S. currency which represents the total amount of funds derived from the alleged offenses and may be sought as a forfeiture money judgment.

5. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1) and 2461(c).

A TRUE BILL

_____
FOREPERSON

*[signature: Thomas J. Mulvihill for]*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*[signature: James White (JAMES USTYNOSKI) for]*
ANITA G. WHITE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Jeffrey Sarna,

_____Defendant_____/

CASE NO._____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New defendant(s)  Yes ___  No ___
Number of new defendants ___
Total number of counts ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect _____

4. This case will take  2-3  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days     ✓
   - II   6 to 10 days    ___
   - III  11 to 20 days   ___
   - IV   21 to 60 days   ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  ✓

6. Has this case previously been filed in this District Court? (Yes or No) No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?  Yes ___  No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  Yes ___  No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  Yes ___  No ✓

_____
ANITA G. WHITE
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Jeffrey Sarna

**Case No:** _____

Count #1:

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' imprisonment, 3 years' supervised release, $250,000 fine

Counts #2-3:

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 years' imprisonment, 3 years' supervised release, $250,000 fine

Count #4:

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 years' imprisonment, $500,000 fine or twice the value of the property involved in the transaction, 5 years' supervised release

Counts #5-7:

Money Laundering

Title 18, United States Code, Section 1956(a)

**\*Max. Penalty:** 20 years' imprisonment, $500,000 fine or twice the value of the property involved in the transaction, 5 years' supervised release

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**