UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20534-WILLIAMS

UNITED STATES OF AMERICA

v.

JEFFREY SARNA,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant JEFFREY SARNA (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds:

On October 26, 2021, a federal grand jury returned an Indictment charging the Defendant in Counts 1 and 4 of the Indictment with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 and conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). Indictment, ECF No. 3. The Indictment also contained forfeiture allegations, which alleged that upon conviction of violations of Title 18, United States Code, Sections 1349 and 1956(h), the Defendant shall forfeit any property, real or personal, that constitutes or derived, from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C); and any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). *Id.* at 6.

On April 15, 2022, the Court accepted the Defendant's guilty plea to Counts 1 and 4 of the

Indictment. *See* Minute Entry, ECF No. 24; Plea Agreement, ECF No. 26. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $97,900.00. *See* ECF No 26 at ¶ 10.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 25. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

Defendant was arrested on November 4, 2021. *Id.* at 6. During a recorded interview following his arrest, Defendant advised he participated in a wire transfer scheme with unknown Canadian individuals. *Id.* His role was to obtain banking information from other people which would then be provided to the Canadians through encrypted cell phone applications. *Id.* Defendant also indicated he kept twenty percent of the money deposited into those accounts and that he remitted the remainder to an individual for which he could only provide a nickname. *Id.* As a result of the scheme, three identified victims sent wire transfers totaling $97,900.00. *Id.*

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED**:

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $97,900.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 30 day of June 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE